**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 27 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PHU QUOC CAO,

      Petitioner-Appellant,

v.

STEVE HARGETT,

      Respondent-Appellee.

No. 97-6377
(W. District of Oklahoma)
(D.C. No. CIV-97-1182-R)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This case is before the court on Phu Quoc Cao's *pro se* application for a certificate of appealability. Cao seeks to appeal the district court's dismissal of

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Cao's § 2254 habeas petition as untimely under 28 U.S.C. § 2244(d). Because Cao has not made a substantial showing of the denial of a constitutional right, this court **denies** his request for a certificate of appealability and **dismisses** the appeal.

Cao is an inmate at the Lexington Correctional Center in Lexington, Oklahoma. On July 18, 1997, Cao filed the instant habeas petition seeking relief from an Oklahoma extortion conviction. In response to Cao's petition, Oklahoma filed a motion to dismiss. As grounds for its motion, Oklahoma argued that Cao's petition was untimely under 28 U.S.C. § 2244(d). In analyzing this issue, the magistrate judge noted that Cao's conviction was affirmed by the Oklahoma Court of Criminal Appeals on January 26, 1996. According to the magistrate, Cao's conviction became final on April 25, 1996, when the ninety day period for seeking certiorari review with the United States Supreme Court expired without Cao seeking such review. Furthermore, because Cao had not responded to Oklahoma's motion to dismiss, the magistrate concluded that there were no grounds upon which to toll the limitations period set out in § 2244(d). Upon *de novo* review, the district court adopted the magistrate's Report and Recommendation and further noted that Cao's claims that he was not versed in the law and was unaware of the limitations period were not sufficient to toll the limitations period.

This court has conducted a *de novo* review of Cao's application for a certificate of appealability, his appellate brief, the magistrate's Report and Recommendation, the district court's Order, and the entire record on appeal. Based on that review, we conclude Cao has not demonstrated the district court's dismissal of this § 2254 petition is debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. *See Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Accordingly, this court **DENIES** Cao's motion for a certificate of appealability and **DISMISSES** his appeal.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge